IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
SENIOR JUDGE MARCIA S. KRIEGER

Criminal Action No. 18-cr-00202-MSK-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DEAN SCHMID,
**2. ANGELA SCHMID,**
3. AARON HAMPTON, and
**4. ANDY SELTZER,**

    Defendants.

---

## OPINION AND ORDER ADDRESSING OUTSTANDING MOTIONS

---

**THIS MATTER** comes before the Court pursuant to Ms. Schmid's Motion to Reconsider and Motion to Withdraw Consent **(# 163)**, and the Government's response **(# 173)**; and Mr. Seltzer's Motion to Withdraw Consent **(# 165)**.

On April 24, 2018, the Defendants were charged in a multi-count Indictment **(# 21)** with various controlled substances offenses under 21 U.S.C. § 841. Consistent with the Grand Junction Protocol that applies to this case, all of the Defendants in this case signed a consent form (Ms. Schmid **#28**, Mr. Seltzer **# 29**), reflecting their agreement that: (i) the Magistrate Judge could "set pretrial deadlines, determine any motion to continue/reschedule a trial, and set trial in accordance with the Speedy Trial Act"; (ii) hear and make a recommendation as to the disposition of any pretrial motion upon the issuance of an Order of Reference[1]; (iii) to conduct

---

[1]     The Court has issued a general Order of Reference Order in this case. *See Docket* # 54

1

any Change of Plea hearings and to advise the Defendant pursuant to Fed. R. Crim. P. 11, to issue a recommendation as to whether such a plea should be accepted, and to schedule a sentencing hearing; and (iv) to engage in certain post-conviction matters if referred by the Court.

Ms. Schmid, now appearing *pro se*, and Mr. Seltzer have filed motions **(# 163, 165)** requesting to withdraw their consent. Neither Defendant states any grounds nor identifies any prejudice that has resulted from their consents or that would occur if they were not allowed to withdraw them. In addition, Ms. Schmid requests that this Court reconsider an Order **(# 151)** by the Magistrate Judge that granted in part and denied her request for a three-month extension of the motion deadline in this case; the Magistrate Judge extended the motions deadline by roughly one month instead.

Turning first to the request to withdraw consent, the Court denies the motions without prejudice because it is not clear which provision(s) of the consent the Defendants wish to withdraw. As mentioned, the consents encompass several matters, some of which have yet to mature in this case, and it is not clear to the Court whether the Defendants wish to withdraw their consent to only certain issues identified in the consent form or whether they wish to withdraw their consent as to all matters.

But more to the point, the withdrawal of a consent serves relatively little purpose for a defendant. All of the matters that are referred to the Magistrate Judge as a result of a defendant's consent are matters that may be referred to a Magistrate Judge in any event pursuant to 28 U.S.C. §636(b)(1)(A) or (B). As such, a party – even a party who has otherwise consented -- always has the ability to file timely Objections to any ruling by the Magistrate Judge, triggering the presiding Article III judge's requirement to review and reconsider the Magistrate Judge's rulings according to the appropriate standard. (Indeed, Ms. Schmid has specifically filed such

Objections here.)  The only real effect that consent has is to allow the Court to assume that the party is content to let the Magistrate Judge's ruling become a final ruling of the Court without further action <u>unless</u> the party files a timely Objection.  As such, because most orders issued by the Magistrate Judge are routine and/or not meaningfully contested, the consent process helps expedite pretrial proceedings in the case.  Should the Court ultimately allow the Defendants to withdraw their consent, the Court would still refer all pretrial matters to the Magistrate Judge for initial consideration pursuant to 28 U.S.C. § 636(b)(1), and the Magistrate Judge would decide those matters in the first instance.  But the Magistrate Judge's rulings would instead take the form of recommendations that this Court would consider.  Parties would still be required to file specific Objections to each recommendation if they wished to seek reconsideration of a particular matter, as this Court would likely review un-objected to recommendations simply for clear error.  *See e.g. Summers v. State of Utah*, 927 F.2d 1165, 1167-68 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate").  This may have the unfortunate effect of prolonging pretrial proceedings in this matter due to the Court's need to review each individual order.

Nevertheless, the Court does not wish to discourage any Defendant from seeking to withdraw his or her consent to the Grand Junction protocol.  Thus, Ms. Schmid or Mr. Seltzer are free to refile their motions to withdraw on more specific terms, identifying the particular aspect(s) of the consent forms from which they now wish to withdraw.  Should they elect to do so, consistent with the Grand Junction Protocol's requirement that all defendants in a multi-defendant case exercise the same level of consent, the Court will deem <u>all</u> Defendants' consent to those provisions withdrawn and will proceed accordingly as set forth above.  Accordingly, Ms. Schmid and Mr. Seltzer's motions to withdraw are denied without prejudice.

The Court then turns to that portion of Ms. Schmid's motion that requests that objects to the Magistrate Judge's partial denial of her motion to extend the deadline for pretrial motions. Ms. Schmid explains that she is attempting to "refine my presentation of the issues I am asking the Court to review in this case," but had (as of July 19, 2019) not yet finished. Ms. Schmid attaches, as an exhibit to her motion, her "most recent draft" of a motion she intends to file. Without passing on the particular merits of that draft, the Court observes that it is remarkably similar to Ms. Schmid's prior motion **(# 148)**, which Magistrate Judge Gallagher described as "legally unintelligible" and which Ms. Schmid herself concedes reads like a "crazy bag lady motion" consisting of "50 pages of random notes and thoughts." (The "draft" attached to Ms. Schmid's Objections now runs to 56 pages.) To the extent Ms. Schmid contends that she needs additional time to refine this filing, the Court rejects that request. Granting such additional time would delay trial on behalf of all Defendants in this matter and, based on Ms. Schmid's prior motion and current draft, would be unlikely to result in a motion that would be intelligible, much less have even colorable merit. Accordingly, having reconsidered the Magistrate Judge's July 10, 2019 Order in light of Ms. Schmid's Objections, the Court overrules those objections and affirms the Magistrate Judge's order.[2]

---

[2] Ms. Schmid's Objections also include an indication that she intends to formulate an argument that she should be allowed to bring a counterclaim against the U.S. Government in this criminal case, and a request for certain discovery from the Government. The Magistrate Judge's Order did not strictly address these issues. The Court denies Ms. Schmid's request for additional time to devise an argument in order to assert a counterclaim, as the Court finds that such a request would be legally frivolous. Nothing in the Federal Rules of Criminal Procedure contemplate a method for a defendant to counterclaim against the United States in the course of a criminal proceeding. To the extent Ms. Schmid believes that she has colorable claims that may be asserted against the Government, she may file an appropriate civil suit to that effect. To the extent that she may have colorable affirmative defenses that she can assert to the charges in this case, she may take whatever steps may be required by the Federal Rules of Criminal Procedure to assert those defenses.

For the foreoging reasons, Ms. Schmid's Motion for Reconsideration **(# 163)** is treated as Objections to the Magistrate Judge's July 10, 2019 Order.  Upon consideration of those Objections, the Court **OVERRULES** them and **AFFIRMS** the Magistrate Judge's Order.  That portion of Ms. Schmid's motion that seeks to withdraw her consent is **DENIED WITHOUT PREJUDICE** as set forth above.  Mr. Seltzer's Motion to Withdraw Consent **(# 165)** is **DENIED WITHOUT PREJUDICE** for the same reasons.

Dated this 10th day of August, 2019.

BY THE COURT:

Marcia S. Krieger
Senior United States District Judge

---

As to Ms. Schmid's request for certain additional discovery, the Government has responded that no documents of the type requested by Ms. Schmid exist.  Absent a further showing by Ms. Schmid that refutes the Government's position, there is nothing for this Court to adjudicate.