**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
JUDGE CHRISTINE M. ARGUELLO**

Criminal Action No. 18-cr-00202-CMA-GPG-02

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.  ANGELA SCHMID,

    Defendant.

---

**ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT ORDER A MENTAL COMPETENCY EVALUATION OF ANGELA SCHMID *SUA SPONTE***

---

This matter is before the Court *sua sponte*. For the following reasons, the Court orders Defendant Angela Schmid, Attorney Barrett Weisz, and the Government to show cause in writing by October 26, 2020, why this Court should not order a psychiatric or psychological examination of Ms. Schmid pursuant to 18 U.S.C. § 4241(b).

## I.    BACKGROUND

On, January 8, 2019, Angela Schmid filed a Motion to Proceed Pro Se and for Appointment of Advisory Counsel. (Doc. # 98.) Therein, Ms. Schmid moved the Court to allow her to proceed *pro se* through the conclusion of this action and to convert Attorney Weisz from CJA-appointed full counsel to advisory counsel. Magistrate Judge Gordon P. Gallagher held a hearing on the Motion on January 10, 2019, and granted Ms. Schmid's Motion at the hearing. (Doc. # 104.)

1

At present, Ms. Schmid continues *pro se* with Attorney Weisz as advisory counsel. As discussed in more detail below, Ms. Schmid has recently filed numerous motions that raise the Court's concern as to her mental competency to stand trial and/or represent herself in this matter. *See* (Doc. ## 340, 341).

## II. LEGAL STANDARDS

Under 18 U.S.C. § 4241(a), a district court is required to grant a motion for a competency hearing, or to order such a hearing on its own motion, "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Whether reasonable cause exists under 18 U.S.C. § 4241(a) is a matter that rests in the district court's sound discretion. *United States v. Arenburg*, 605 F.3d 164, 169 (2d Cir. 2010).

"In determining whether there is reasonable cause to order a competency hearing, a trial court must consider all evidence before it, including evidence of irrational behavior, the defendant's demeanor at trial, and medical opinions concerning the defendant's competence." *United States v. Mason*, 52 F.3d 1286, 1290 (4th Cir. 1995). Prior to a hearing, a district court has discretion to order "that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of [18 U.S.C.] section 4247 (b) and (c)." 18 U.S.C. § 4241(b).

## III. DISCUSSION

In the instant case, the Court has received several bizarre filings from Ms.

2

Schmid that cast doubt on her ability to stand trial with counsel and/or to represent herself at trial. *See* (Doc. ## 340-1, 341). On September 30, 2020, Ms. Schmid filed a Motion to Amend the Magistrate Judge's Pre-trial Release. (Doc. # 340-1.) Therein, Ms. Schmid made, *inter alia*, the following concerning statements:

- "Judge Gallagher thinks I am suffering from methamphetamine induced paranoia. Except I am stone cold sober with way to [sic] little caffeine. And yet, the issue is . . . these are big issues. The Court needs to hear my story. America needs to hear my story. If you would, please allow me to [r]ecap: What we have found is the Nazi party went underground – into corporations – at the end of World War II. And has since evolved from the 3rd to the 4th and now the 5th Reich through the European Democratic Union (EDU). . . ." (*Id.* at 4);

- Ms. Schmid claimed that one of the "primary corporations housing the Nazi Party" is Unicore, "the corporation that created the COVID-19 virus – somewhere in Montrose, CO – using nanobot technology which allows the virus to be turned on or off – activated or not activated – at will." (*Id.* at 5);

- "The use of methamphetamine counteracts nanobot technology – otherwise known as . . or, perhaps, more specifically – also used as mind control (+/-). In my life, whereas I operate on most days in direct opposition to 'the government's' agenda, I see nanobot technology used to coordinate chaos and to execute finely orchestrated attacks from an extreme range of individuals with disparity. On a personal level, I recognize the 'results' of nanobot 'mental interference' most readily . . . as words I misspell that I obviously know." (*Id.* at 8);

- "In the present case, I filed a cross-claim against the United States, Inc. and its affiliates, on behalf of myself and the United States of America, for monopolizing the meth industry under color of unconstitutional law." (*Id.* at 9.)

Strikingly, the vast majority of Ms. Schmid's filing bears no relevance to the matter at issue in her motion—the operative detention order in this case.

Similarly, on October 19, 2020, Ms. Schmid filed Angela Schmid's September 19th, 2020 Request for a Protection Order Protecting All Witnesses Against Defendant – the United States, Inc. and its Affiliates – in Case # 18-CR-202. (Doc. # 341.) Again, Ms. Schmid's filing cast doubt on her mental competency with the following statements, among others:

- ". . . I claimed the COVID-19 virus in America was specifically 'planted' to kill me. With the implication being that I have [r]aised too much of a stink and there are too many witnesses now to just kill a few people. Therefore[,] the entire Western slope of Colorado had to be wiped out." (*Id.* at 2);

- "I recognize the allegations of government misconduct on a national level in this case remain the fractured [r]amblings of a frightened woman. . . . I suggest the United Nations initiated an active chemical warfare attack on American soil in order to shut me up." (*Id.* at 2–3);

- "I do now have 1st person testimony that the COVID-19 virus was manufactured in Montrose, CO by the (EDU) European Democratic Union /(US government + Unicore) . . ." (Id. at 3);

- "I am We the People. I command the United States Inc and all its affiliates – you all – to hold. The President of the United States of America, Donald Trump, no longer has the authority to [r]econvene your activities. I am We the People: permission to reconvene your previous activities now must come from me. And my death does not [r]escind this order." (*Id.* at 5–6).

Based on Ms. Schmid's recent filings, the Court is inclined to find there is "reasonable cause to believe that [Ms. Schmid] may presently be suffering from a mental disease or defect rendering [her] mentally incompetent to the extent that [s]he is unable to understand the nature and consequences of the proceedings against [her] or to assist properly in [her] defense" under 18 U.S.C. § 4241(a). Moreover, the Court is inclined to order a psychiatric or psychological examination and report of Ms. Schmidt to determine the following: (1) whether she is competent to stand trial in this matter, *see Drope v. Missouri*, 420 U.S. 162, 171 (1975) ("It has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial."); and (2) whether she is competent to represent herself in this matter, *see Indiana v. Edwards*, 554 U.S. 164, 167, 177–78 (2008) (concluding the Constitution "permits judges to take realistic account of the

particular defendant's mental capacities by asking whether a defendant who seeks to conduct his own defense at trial is mentally competent to do so" and holding it is constitutional for a court to insist that a defendant proceed to trial with counsel if the defendant is not mentally competent to represent himself at that trial).

## IV.   CONCLUSION

For the foregoing reasons, **Ms. Schmid, Mr. Weisz, and the Government are hereby ORDERED to show cause in writing by October 26, 2020, why this Court should not order a psychiatric or psychological examination and report of Ms. Schmidt**.

DATED: October 20, 2020

BY THE COURT:

_Christine M. Arguello_
CHRISTINE M. ARGUELLO
United States District Judge