IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
JUDGE CHRISTINE M. ARGUELLO

Criminal Action No. 18-cr-00202-CMA-GPG-02

UNITED STATES OF AMERICA,

　　Plaintiff,

v.

2.  ANGELA SCHMID,

　　Defendant.

---

**ORDER DENYING DEFENDANT SCHMID'S MOTION TO AMEND THE MAGISTRATE JUDGE'S PRE-TRIAL RELEASE**

---

This matter is before the Court on Defendant Angela Schmid's Motion to Amend the Magistrate Judge's Pre-trial Release ("Motion"). (Doc. # 340-1.) Because Ms. Schmid proceeds *pro se*, the Court construes her Motion liberally. *United States v. Pinto*, 1 F.3d 1069, 1070 (10th Cir. 1993) (citing *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991)). Accordingly, the Court construes the Motion as seeking review of the operative Order of Detention in this case, entered by Magistrate Judge Gordon P. Gallagher on June 22, 2020. (Doc. # 300.) For the following reasons, the Motion is denied.

## I.　BACKGROUND

In the Indictment filed on April 24, 2018, Ms. Schmid was charged with one count of conspiracy to distribute and possess with intent to distribute methamphetamine in

1

violation of 21 U.S.C. § 841 and § 846 and one count of individual distribution and possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) and 18 U.S.C. § 2. (Doc. # 21.)

Judge Gallagher originally placed Ms. Schmid on pre-trial release with home detention and location monitoring. (Doc. # 12.) Thereafter, the conditions of home detention and location monitoring were removed and Ms. Schmid was subject to a curfew. *See* (Doc. ## 63, 65). The conditions of Ms. Schmid's pre-trial release included, in relevant part, the following three requirements: (1) that she not violate federal, state or local law while on release; (2) that she not use or unlawfully possess a narcotic drug or other controlled substances; and (3) that she submit to testing for a prohibited substance if required by the pre-trial services office or supervising officer. On May 22, 2020, the Government filed a Motion for Revocation of Release Pursuant to 18 U.S.C. § 3148(b), in which it moved the Court to revoke Ms. Schmid's pre-trial release on the basis that she had violated the aforementioned conditions. *See generally* (Doc. # 281).

On June 19, 2020, Magistrate Judge Gallagher held a hearing on the Government's Motion for Revocation of Release. At the hearing, the Court heard testimony from U.S. Probation Officer Jason Cohen, U.S. Drug Enforcement Administration ("DEA") Special Agent William Neff, and Adam Livermore. *See* (Doc. # 301). Following the hearing, and after consideration of the contents of the case file, the Government's motion, the pre-trial report, the evidence presented at the hearing, and the arguments of counsel, Judge Gallagher ordered Ms. Schmid detained. *See* (Doc. # 300).

On August 10, 2020, Ms. Schmid filed a Motion to Modify the Conditions of Angela Schmid's Pre-trial Detention. (Doc. # 321.) Judge Gallagher held a hearing on Ms. Schmid's motion on August 26, 2020. (Doc. # 328.) At the hearing, Judge Gallagher told Ms. Schmid that he would grant her motion under two conditions: (1) that she enroll in a three-month drug addiction program at the Women's Recovery Center, and (2) that she have no contact with Adam Livermore. At the hearing, Ms. Schmid informed Judge Gallagher that she would not agree to have no contact with Adam Livermore and she withdrew her motion. *See* (Doc. # 327). As such, the operative Detention Order in this case was entered on June 22, 2020. (Doc. # 300.)

In the instant Motion, Ms. Schmid moves this Court to amend the conditions of her release. Although Ms. Schmid makes arguments that pertain to the August 26, 2020 hearing in front of Judge Gallagher, Ms. Schmid withdrew the motion before Judge Gallagher at said hearing. Accordingly, the Motion before the Court is most properly considered an appeal of Judge Gallagher's June 22, 2020 Detention Order. (Doc. # 300.)

## II.    STANDARD OF REVIEW

The Court's review of a magistrate judge's order of detention is *de novo. See United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). Under this standard of review, the Court must judge the issues anew, but in so doing, the Court may utilize the factual and evidentiary record developed during the detention hearing before Magistrate Judge Gallagher. The Court, however, must reach its own findings of fact and conclusions of law. *See United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985)

(finding that on *de novo* review, a district court "should not simply defer to the judgment of the magistrate, but reach its own independent conclusion").

Under the Bail Reform Act, a defendant may be detained pending trial only if a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e); *id.* § 3142(b), (c). The government has the burden of proof. It must prove risk of flight by a preponderance of the evidence and it must prove dangerousness to any other person or to the community by clear and convincing evidence. *Cisneros*, 328 F.3d at 616 (citations omitted).

### III.   DISCUSSION

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of a defendant and the safety of the community:

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or **involves** a minor victim or **a controlled substance**, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including-

   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, **past conduct, history relating to drug and alcohol abuse, criminal history,** and record concerning appearance at court proceedings; and

   (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial,

4

> sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g) (emphases added).

In the instant case, the Court has conducted a *de novo* review of this matter, including listening to the FTRs of the hearing held by Judge Gallagher on June 19, 2020. Following its review, the Court finds by a preponderance of the evidence that Ms. Schmid poses a risk of flight and finds by clear and convincing evidence that Ms. Schmid is a danger to the community if she is conditionally released. On balance, the Section 3142(g) factors weigh in favor of continued detention.

The first factor of Section 3142(g)—the nature and circumstances of the offense charged—weighs heavily in favor of continued detention. In this case, Ms. Schmid has been charged with two crimes that involved methamphetamine, a controlled substance. Both charges carry a hefty prison sentence; Count One of the Indictment alone carries a sentence of no less than 10 years imprisonment and no more than life imprisonment. (Doc. # 21 at 1.) Moreover, the third and fourth factors—i.e., the history and characteristics of the person (including the person's past conduct, history relating to drug and alcohol abuse, and criminal history) and the nature and seriousness of the danger to any person or the community that would be posed by the person's release—also weigh heavily in favor of continued detention. Ms. Schmid repeatedly violated the conditions of her pre-trial release in this case, as demonstrated by the following facts that are material to the Court's decision:

- In violation of the second condition of her release, Ms. Schmid submitted random urinalysis samples that tested positive for amphetamines on February 25, 2020, March 6, 2020, and April 10, 2020. *See* (Doc. # 281-2).

- In violation of the third condition of her release, Ms. Schmid failed to submit to a substance use test on May 12, 2020.

- In violation of the first condition of her release, Ms. Schmid fled from law enforcement officials who attempted to contact her while she was in her vehicle on May 21, 2020. Ms. Schmid exited her vehicle, ignored law enforcement commands, fled inside a shed, and barricaded the door behind her. She refused lawful commands from law enforcement to exit the shed. *See* (FTR at 3:57–4:00) (testimony by DEA Special Agent Neff)).

- Ms. Schmid entered the shed with Adam Livermore, an individual known by law enforcement to have an active warrant for drug trafficking and weapons possession. In violation of the first condition of her release, Ms. Schmid falsely claimed to law enforcement that Mr. Livermore was no longer in the shed despite being reminded that she was on federal supervision and that lying to law enforcement was a crime. *See id.* at 4:02–4:04.

The foregoing facts demonstrate that Ms. Schmid has a history of violating the conditions of her pre-trial release and of abusing drugs, associating with individuals wanted for drug trafficking, refusing to comply with law enforcement orders, and fleeing from law enforcement officials all while on pre-trial release.

Additionally, the Court notes that although it reviews *de novo* the record before Judge Gallagher at the time of the June 22, 2020 Detention Order, Ms. Schmid has since been indicted for more federal crimes in *USA v. Livermore et al.*, 20-cr-00315-GPG. In that case, Ms. Schmid and Adam Livermore are charged with conspiracy to distribute methamphetamine from about February 2020 to about June 2020 and possession with intent to distribute methamphetamine on or about June 12, 2020, during which Ms. Schmid was on pre-trial release in this case. (20-cr-00315-GPG, Doc.

6

# 1 at 1–2, 4.) With the federal charges against Ms. Schmid mounting, her impulse to violate the conditions of her pre-trial release and flee from law enforcement is likely to be exacerbated.

## IV.     CONCLUSION

For the foregoing reasons, Defendant Angela Schmid's Motion to Amend the Magistrate Judge's Pre-trial Release (Doc. # 340-1) is DENIED.

DATED:  October 22, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge