**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
JUDGE CHRISTINE M. ARGUELLO**

Criminal Action No. 18-cr-00202-CMA-GPG-02

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.  ANGELA SCHMID,

    Defendant.

---

**ORDER DISCHARGING ORDER TO SHOW CAUSE CONCERNING ANGELA SCHMID'S COMPETENCY AND DENYING OUTSTANDING REQUESTS BY ANGELA SCHMID**

---

This matter is before the Court on this Court's Order to Show Cause Why the Court Should Not Order a Mental Competency Evaluation of Angela Schmid *Sua Sponte* ("Order to Show Cause") (Doc. # 342) and various filings by Defendant Angela Schmid (Doc. ## 341, 350). For the following reasons, the Order to Show Cause is discharged and Ms. Schmid's requests for a protection order against the Government, for pre-trial release in this case, and for leave to bring a counterclaim or crossclaim against the Government in this matter are denied.

## I.  BACKGROUND

On October 19, 2020, Defendant Angela Schmid filed Angela Schmid's September 19[ ], 2020 Request for a Protection Order Protecting All Witnesses Against

1

Defendant – the United States, Inc. and its Affiliates – in Case # 18-CR-202 ("Motion for Protection Order"). (Doc. # 341.) The Government responded in opposition to the Motion for Protection Order on October 22, 2020. (Doc. # 347.)

On October 20, 2020, this Court ordered Ms. Schmid, Attorney Barrett Weisz, and the Government to show cause in writing by October 26, 2020, why it should not order a psychiatric or psychological examination of Ms. Schmid pursuant to 18 U.S.C. § 4241(b). (Doc. # 342.) The Court identified numerous filings by Ms. Schmid that raised the Court's concern as to her mental competency to stand trial and/or represent herself in this matter. (*Id.* at 2–4.)

The Government responded to the Order to Show Cause on October 21, 2020. (Doc. # 343.) Therein, the Government noted that it has thus far "deferred to the assessments of those with greater familiarity and contact with Ms. Schmid" and expressed its belief that "it is prudent to order a psychiatric or psychological examination" of Ms. Schmid. (*Id.* at 4.) CJA advisory counsel to Ms. Schmid, Barrett Weisz, filed his response on October 24, 2020. (Doc. # 349.) Attorney Weisz recounted numerous facts for the Court that demonstrate Ms. Schmid's competency. Lastly, Ms. Schmid filed her response to the Order to Show Cause on October 24, 2020. (Doc. # 349.) In her Response, Ms. Schmid requests that the Court grant her pre-trial release and rule on her ability to assert a crossclaim against the Government.

## II.     ANALYSIS

### A.     MS. SCHMID'S MENTAL COMPETENCY

Under 18 U.S.C. § 4241(a), a district court is required to grant a motion for a

competency hearing, or to order such a hearing on its own motion, "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Whether reasonable cause exists under 18 U.S.C. § 4241(a) is a matter that rests in the district court's sound discretion. *United States v. Arenburg*, 605 F.3d 164, 169 (2d Cir. 2010).

Upon review of the Responses to this Court's Order to Show Cause, the Court finds that there is no reasonable cause to believe that Ms. Schmid "may presently be suffering from a mental disease or defect rendering [her] mentally incompetent to the extent that [s]he is unable to understand the nature and consequences of the proceedings against [her] or to assist properly in [her] defense." 18 U.S.C. § 4241(a). The Responses by Attorney Weisz and Ms. Schmid are material to this Court's finding that Ms. Schmid is competent to stand trial and/or represent herself in this matter. *See Lay v. Royal*, 860 F.3d 1307, 1314 (10th Cir. 2017) (quoting *Drope v. Missouri*, 420 U.S. 162, 177 n.13 (1975)) ("Defense counsel's assessment of the defendant's competence 'is unquestionably a factor which should be considered.'").

In his Response, Attorney Weisz recounted the following facts and impressions that demonstrate Ms. Schmid's competency:

- Ms. Schmid understands the Indictment, the charges against her, and the potential penalties;

- Ms. Schmid is intelligent, and her understanding of legal concepts exceeds the majority of defendants that Attorney Weisz has represented in the past 25 years;

- Ms. Schmid identifies potential legal issues, asks appropriate questions, and generally directs Attorney Weisz to conduct reasonable legal research;

- Ms. Schmid is open to suggestion and explanation from Attorney Weisz concerning potential legal issues, avenues of investigation, and potential defenses;

- Ms. Schmid has discussed with Attorney Weisz her ideas for potential defenses that are separate from any unusual or fringe beliefs;

- Ms. Schmid directed Attorney Weisz to engage a paralegal and an investigator and has directed the paralegal and investigator to conduct appropriate tasks as part of her defense;

- Ms. Schmid has a general understanding of court procedures, recognizes when she does not understand what is occurring, and asks questions of Attorney Weisz or the Court;

- Ms. Schmid has represented herself against criminal charges in state court in Colorado and some of these cases were dismissed. In one case, Ms. Schmid obtained a suppression order after she conducted the hearing including cross-examination of police officers;

- Prior counsel, Maeve Goodbody, represented Ms. Schmid from April 13, 2018 to December 12, 2018, and did not raise competency concerns. Attorney Goodbody

advised Attorney Weisz that Ms. Schmid may have some unusual beliefs but did not express concerns about her competency.

(Doc. # 349 at 2–3.) Similarly, Ms. Schmid's Response demonstrates an understanding of the nature and consequences of the proceedings against her. *See generally* (Doc. # 349). Therein, she opines on perceived weaknesses in the Government's case against her, including what she believes to be a lack of documentary evidence against her regarding controlled buys. She demonstrates consideration of how a jury may receive her theory of the case, understanding of some legal concepts, and understanding of the risk of losing this case at trial. Ms. Schmid is adamant that she is competent to proceed.

For the foregoing reasons, the Court finds that there is no reason to believe that Ms. Schmid "may presently be suffering from a mental disease or defect rendering [her] mentally incompetent to the extent that [s]he is unable to understand the nature and consequences of the proceedings against [her] or to assist properly in [her] defense." 18 U.S.C. § 4241(a). The Court finds that, although Ms. Schmid expresses fringe or unusual beliefs in her filings, she is competent. *Cf. Lay*, 860 F.3d at 1314 (finding the evidence showed that although the defendant "at times shared with the jury his unusual and conspiratorial beliefs, he conducted himself professionally throughout the proceedings and complied with procedural rules"). Accordingly, the Order to Show Cause is discharged and the Court will not order a psychiatric or psychological examination of Ms. Schmid pursuant to 18 U.S.C. § 4241(b).

**B.    MS. SCHMID'S REQUEST FOR PRE-TRIAL RELEASE**

In her Response to the Order to Show Cause, Ms. Schmid renews her request

for pre-trial release in this matter. Ms. Schmid's request for pre-trial release is denied.

On October 22, 2020, this Court issued an Order Denying Defendant Schmid's Motion to Amend the Magistrate Judge's Pretrial Release (Doc. # 345). In that Order, the Court found by a preponderance of the evidence that Ms. Schmid poses a risk of flight and found by clear and convincing evidence that Ms. Schmid is a danger to the community if she is conditionally released. (*Id.* at 5.) The Court recounted Ms. Schmid's repeated violations of the conditions of her pre-trial release in this case as of June 22, 2020, which demonstrate that Ms. Schmid has a history of violating the conditions of her pre-trial release and of abusing drugs, associating with individuals wanted for drug trafficking, refusing to comply with law enforcement orders, and fleeing from law enforcement officials all while on pre-trial release. (*Id.* at 6.) Additionally, the Court noted that Ms. Schmid has recently been indicted in another federal case for conspiracy to distribute methamphetamine and possession with intent to distribute methamphetamine **while on pre-trial release in this case**. (*Id.* (citing *USA v. Livermore et al.* 20-cr-00315-GPG, Doc. # 1 at 1–2, 4)).

Accordingly, to the extent Ms. Schmid moves the Court to grant her pre-trial release in her Response to the Order to Show Cause or in any other filing, that request is denied for the reasons previously stated in this Court's October 22, 2020 Order (Doc. # 345).

### C. MS. SCHMID'S REQUEST TO FILE A COUNTERCLAIM OR CROSSCLAIM AGAINST THE GOVERNMENT

In her Response to the Order to Show Cause, Ms. Schmid asks this Court "to directly [r]ule on the question of whether or not [she] can file a cross-claim

6

monopolization suit against the government in a criminal case." (Doc. # 350-1 at 6.) Ms. Schmid's request to assert a counterclaim and/or crossclaim against the Government in this matter is denied.

Ms. Schmid has raised this notion in several filings throughout the pendency of this case. On July 10, 2019, Judge Gallagher denied Ms. Schmid's request to lodge a counterclaim against the Government, explaining that "[t]his is a criminal action by the Government against Defendant Schmid, not a civil action, and no mechanism or opportunity exists for a counterclaim herein." (Doc. # 151 at 2.) On August 10, 2019, in her Opinion and Order Addressing Outstanding Motions, Judge Krieger explained that such a request is legally frivolous:

> Ms. Schmid's Objections also include an indication that she intends to formulate an argument that she should be allowed to bring a counterclaim against the U.S. Government in this criminal case, and a request for certain discovery from the Government. The Magistrate Judge's Order did not strictly address these issues. The Court denies Ms. Schmid's request for additional time to devise an argument in order to assert a counterclaim, as **the Court finds that such a request would be legally frivolous. Nothing in the Federal Rules of Criminal Procedure contemplate a method for a defendant to counterclaim against the United States in the course of a criminal proceeding. To the extent Ms. Schmid believes that she has colorable claims that may be asserted against the Government, she may file an appropriate civil suit to that effect. To the extent that she may have colorable affirmative defenses that she can assert to the charges in this case, she may take whatever steps may be required by the Federal Rules of Criminal Procedure to assert those defenses.**

(Doc. # 177 at 4 n. 2) (emphasis added). This Court denies Ms. Schmid's renewed request to assert a counterclaim against the Government in this action for the reasons

7

previously articulated by Judges Gallagher and Krieger.[1]

## D.   MS. SCHMID'S MOTION FOR PROTECTION ORDER

Finally, the Court denies Angela Schmid's September 19[ ], 2020 Request for a Protection Order Protecting All Witnesses Against Defendant – the United States, Inc. and its Affiliates – in Case # 18-CR-202. (Doc. # 341.) From what the Court can discern, Ms. Schmid requests a protection order requiring that the Government "not harass, molest, intimidate, retaliate against, or tamper with any witness or victim of the acts to which the United States, Inc and its affiliates are charged with committing." (*Id.* at 4.)

First, the Court notes that Ms. Schmid's request relies on a flawed premise; Ms. Schmid is unable to assert a counterclaim against the Government in this criminal matter, and the United States has not been "charged" in this action. Further, Ms. Schmid's request for a protection order against the Government is unsupported by any relevant authority. Her sole citation to authority is to 18 U.S.C. § 2265, which concerns the full faith and credit a court must give to a protection order issued by a court of another state, Indian tribe, or territory. It does not authorize this Court to issue a protection order against the Government and, therefore, is inapposite. Moreover, Ms. Schmid requests a protection order that covers "every ordinary red and blue blooded American . . . and every single human and/or machine and/or entity on this planet and beyond." Ms. Schmid's request is legally unsupported, factually unsubstantiated, and as overbroad as possible. Accordingly, her Motion for Protection Order is denied.

---

[1] To the extent Ms. Schmid now styles her request as one to bring a crossclaim instead of a counterclaim, that request is premised on a misunderstanding of these legal terms of art and is also denied.

### III.   CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- this Court's Order to Show Cause Why the Court Should Not Order a Mental Competency Evaluation of Angela Schmid *Sua Sponte* (Doc. # 342) is DISCHARGED;

- to the extent Ms. Schmid moves the Court to grant her pre-trial release in her Response to the Order to Show Cause or in any other filing, that request is DENIED for the reasons previously stated in this Court's October 22, 2020 Order (Doc. # 345); and

- Angela Schmid's September 19th, 2020 Request for a Protection Order Protecting All Witnesses Against Defendant – the United States, Inc. and its Affiliates – in Case # 18-cr-202  (Doc. # 341) is DENIED.

DATED:  October 28, 2020

                                              BY THE COURT:

                                              *[signature]*
                                              CHRISTINE M. ARGUELLO
                                              United States District Judge