IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
JUDGE CHRISTINE M. ARGUELLO

Criminal Action No. 18-cr-00202-CMA-GPG-02

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.  ANGELA SCHMID,

    Defendant.

---

**ORDER DENYING MOTION TO WITHDRAW GUILTY PLEA
AND MOTION TO DISMISS CASE**

---

This matter is before the Court on three motions filed by Defendant Angela Schmid:

(1) Angela Schmid's Motion to Withdraw Her Guilty Plea Prior to Sentencing ("Motion to Withdraw Guilty Plea") (Doc. # 471); and

(2) Angela Schmid's Motion to Dismiss Federal Case #18CR202 Based on the Govt's Outrageous Conduct ("Motion to Dismiss") (Doc. # 472).

The motions are denied for the following reasons.

## I.    BACKGROUND

In 2018, Defendant Angela Schmid was charged with distribution of 5 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii). (Doc. # 1). Her trial was originally scheduled to begin on July 2, 2018. (Doc. # 26). However, as a result of numerous continuances, the trial was delayed for over three

1

years. The trial was ultimately set to begin on July 19, 2021. (Doc. # 411). Shortly before the July 19 trial, however, Ms. Schmid filed yet another request for continuance. (Doc. # 445). The Court denied Ms. Schmid's motion in a written order on July 6, 2021. (Doc. # 446). Later that day, Ms. Schmid filed a notice of disposition. Ms. Schmid pled guilty to Count 6 of the indictment on July 8, 2021. (Doc. # 451). Ms. Schmid then requested reconsideration of the Court's order denying her request for a continuance, (Doc. # 454), which the Court denied in a written order.

Ms. Schmid now seeks to withdraw her guilty plea, (Doc. # 471), and she requests dismissal of all charges against her (Doc. # 472). The motions are denied.

## II.     MOTION TO WITHDRAW GUILTY PLEA

Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure provides, in relevant part, that a defendant may withdraw a plea of guilty after the court accepts the plea[1] but before it imposes sentence if "the defendant can show a fair and just reason for requesting the withdrawal." The burden of demonstrating a fair and just reason rests with the defendant, based on consideration of the following factors: (1) the defendant's assertion of innocence; (2) the resulting prejudice to the government; (3) the defendant's delay in filing the withdrawal motion; (4) the inconvenience to the court; (5) defendant's assistance of counsel; (6) the knowledge and voluntariness of the plea; and (7) the resulting waste of judicial resources. *United States v. Hamilton*, 510 F.3d 1209, 1214 (10th Cir. 2007). Specifically, the Tenth Circuit has explained that the "primary considerations for determining whether a fair and just reason exists are whether the defendant (1) knowingly and voluntarily pled guilty, (2) had assistance of counsel

---

[1] The Court accepted Ms. Schmid's plea of guilty at the hearing on July 8, 2021.

relating to the decision to plead guilty, and (3) has asserted his innocence." *United States v. Lee*, 535 Fed. App'x. 677, 680 (10th Cir. 2013) (unpublished). "If the defendant demonstrates a fair and just reason for withdrawing his guilty plea, the court may also consider systemic burdens" – i.e., the other four other factors, including "prejudice to the government, timing of the motion, inconvenience to the court, and waste of judicial resources." *Id.* at 680, n. 3. Ms. Schmid has failed to meet this burden.

With respect to the first *Lee* factor, it is evident from the record that Ms. Schmid knowingly and voluntarily pled guilty. First, Ms. Schmid confirmed at her change-of-plea hearing that she was mentally competent and capable of entering a guilty plea:

> THE COURT: Do you have any trouble reading or writing in English?
>
> THE DEFENDANT: No, Your Honor.
>
> THE COURT: Are you now under the influence of any drug, narcotic, marijuana, or alcohol?
>
> THE DEFENDANT: No, Your Honor.
>
> THE COURT: Are you under the influence of any type of medicine?
>
> THE DEFENDANT: No, Your Honor.
>
> THE COURT: Have you taken any drugs, alcohol, or medicine in the last 3 days?
>
> THE DEFENDANT: No, Your Honor.
>
> THE COURT: Is there anything at all about how you feel right now, either physically or emotionally, that prevents you from understanding what is happening in this hearing?
>
> THE DEFENDANT: No, Your Honor.

3

(Court's Unofficial Transcript of Change of Plea Hearing, July 7, 2021 (hereinafter "Transcript") at pp. 7-8). Next, Ms. Schmid was advised of her rights and affirmed that she understood those rights:

> THE COURT: All right. Now, Ms. Schmidt I need to make sure you understand that you have a number of legal rights so I am going to go through those with you. You have the following constitutional rights that you will be giving up if if you plead guilty.
>
> You have the right to plead not guilty to any offenses charged against you. Because you have already entered a plea of not guilty to these charges in the Indictment you have the right to maintain those pleas of not guilty.
>
> You have the right to a speedy and public trial. You have the right to a trial by a jury of 12 persons whose verdict must be unanimous. At trial, you would be presumed innocent and the Government would have to prove your guilt by proving each element of each charge against you beyond a reasonable doubt.
>
> If both you and the Government give up your right to a jury trial, you have the right to be tried by the Court; that means by me as the judge, and that is what did you in this case, you gave up your right to a jury trial and you would be going to trial on the 19th if you didn't enter this plea before me as the judge.
>
> You have the right to have competent and effective assistance of a lawyer throughout these criminal proceedings, and if you could not afford a lawyer one would be appointed to represent you free of charge. And that lawyer would assist you at trial and at every other stage of these criminal proceedings.
>
> Now, in this case, you gave up your right to appointed counsel and you wished to proceed pro se but the Court did appoint Mr. Weisz as your advisory counsel. At trial you would have the right, with the assistance of your lawyer, to confront and cross-examine all witness and to challenge all evidence presented against you. Again,

> because you were proceeding pro se you would be doing that on your own but you would have Mr. Weisz as advisory counsel.
>
> At trial, you would have the right to have witness subpoenaed and made to come into court to testify on your behalf. And if you could not afford to pay for those subpoenas I would order that they be issued and served without any charge to you.
>
> Again, in this case, you have requested subpoenas be issued and I have order they be issued owned your behalf no charge to you.
>
> At trial you would have the right to testify yourself on your own behalf, but you also have the privilege against self incrimination; that means that you have the right not to testify or make any statement that would incriminate you in any way.
>
> If you went to trial and you decided not to testify, I would -- well, in this case, we are not having a jury trial so I don't need to get into that I normally tell the jury they could not use your decision not to testify against you in any way. If you went to trial and you were convicted you would have the right to appeal your conviction and even though you are pleading guilty, you would also have the right to appeal the sentence that I impose.
>
> Do you understand all of these rights?
>
> THE DEFENDANT: I do, Your Honor, thank you.

(Transcript, pp. 10-12).

Ms. Schmid then stated, on the record, that willingly waiving these rights to enter a guilty plea:

> THE COURT: And do you understand that by entering into this plea agreement, you are giving up your right to appeal or otherwise challenge your prosecution, conviction and sentence under the circumstances that are outlined in your plea agreement.

>THE DEFENDANT: Yes.
>
>THE COURT: Do you understand that if I accept your plea of guilty, you will be incriminating yourself and you will [have] given up, now and forever, your right to a jury trial and most of the rights I have just described to you?
>
>THE DEFENDANT: Yes, Your Honor.
>
>THE COURT: Do you give up these rights?
>
>THE DEFENDANT: I do.

(Transcript, p. 13).

Ms. Schmid further stated that she understood the consequences of her guilty plea:

>THE COURT: So, Ms. Schmidt do you understand the consequences to you of entering this plea of guilty, including the maximum sentence I could impose?
>
>THE DEFENDANT: Yes, Your Honor.

(Transcript, pp. 14-15).

Finally, Ms. Schmid affirmed that her guilty plea was knowing and voluntary:

>THE COURT: All right. Has anyone made any promises, representations, or guarantees of any kind to you about the specific sentence I would impose in order to persuade you to plead guilty?
>
>THE DEFENDANT: No.
>
>THE COURT: Has anyone forced you to plead guilty?
>
>THE DEFENDANT: No.
>
>THE COURT: Has anyone attempted in anyway to threaten you, your family, or anyone close to you in order to force you to plead guilty?
>
>THE DEFENDANT: No. (Tr. p. 21)

6

> THE COURT: Have you understood everything I have asked of you up to this point.
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Do you understand the consequences to you of entering this plea of guilty?
>
> THE DEFENDANT: I do.
>
> THE COURT: Do you believe you are competent to make the decision to plead guilty?
>
> THE DEFENDANT: I do.
>
> THE COURT: Do you understand that all that will be left in your case in the event I do accept your plea of guilty is the imposition of sentence which will include imprisonment?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Having in mind then everything we have discussed up to this point regarding your pleas of guilty the rights you are giving up and maximum sentence I could impose do you still wish to plead guilty?
>
> THE DEFENDANT: I do.

(Transcript, p. 22).

Additionally, Ms. Schmid asked questions during the hearing, further demonstrating her ability to understand and inquire about the consequences of her guilty plea. (Tr. p. 20). She also gave authorization to her advisory counsel to sign the Statement in Advance of Guilty Plea (Doc. # 453), in which Ms. Schmid acknowledged, in writing, that she understood the rights she was waiving and that she was entering her guilty plea knowingly and voluntarily.

In light of Ms. Schmid's repeated statements affirming that she was competent; that she understood her rights; that she understood the charges against her and the possible penalties; and that she was willingly pleading guilty, the Court finds that the first *Lee* factor favors denying Ms. Schmid's Motion to Withdraw Guilty Plea.

With respect to the second *Lee* factor, assistance of counsel, it is clear from the record that Ms. Ms. Schmid had access to the assistance of counsel with respect to her decision to plead guilty. Although Ms. Schmid knowingly and voluntarily waived her right to assistance of counsel in 2019, (Doc. # 98, 104), she was appointed advisory counsel, who discussed the plea agreement with Ms. Schmid and was available to answer any questions she may have had (Tr. pp. 4-12). Thus, the second *Lee* factor weighs against allowing Ms. Schmid to withdraw her guilty plea.

With respect to the third *Lee* factor, assertion of innocence, the Court finds that although Ms. Ms. Schmid is now claiming innocence, she repeatedly confessed her guilt at the change-of-plea hearing and in subsequent filings:

> THE COURT: . . . So, Ms. Schmidt [sic], it is my understanding that pursuant to the plea agreement you want to enter a plea of guilty to Count 6 of the Indictment which charges violation of 21 United States Code Section 841(a)(1) and (b)(1); distribution of 5 grams or more [ ] of methamphetamine actual; is that correct.
>
> THE DEFENDANT: Count 6, yes, ma'am.

(Transcript, pp. 3-4).

> THE COURT: Do you understand that you just took an oath to tell me the truth and if you answer any of my questions falsely here today your answers could be used against you in a separate prosecution for perjury or making a false statement?
>
> THE DEFENDANT: Yes, Your Honor.

>      THE COURT: Do you understand that you have the right to remain silent and you do not have answer any of my questions here today?
>
>      THE DEFENDANT: Okay, thank you, yes, Your Honor.

(Transcript, pp. 6-7)

>      THE COURT: Are you pleading guilty because you are guilty?
>
>      THE DEFENDANT: So, the -- yes, Your Honor.
>
>      THE COURT: All right. I need you to tell me, with respect to count -- the count you are pleading guilty to, what it is you did.
>
>      THE DEFENDANT: On Count 6? I gave 43 grams of methamphetamine to Cody Lee.

(Transcript, p. 10).

Ms. Schmid then reaffirmed her admission of guilt in her Plea Agreement, in which she conceded that "there is a factual basis for the guilty plea" and described her criminal conduct (Doc. # 452, pp. 6-9); and in her Motion for Reconsideration, in which she stated, "I convict myself . . . . [T]hose things . . . did happen," (Doc. # 454, p. 4), and averred, "It is not my intention to withdraw my guilty plea." (Doc. # 454, p. 1). Therefore, the Court finds that the three *Lee* factors favor denial of Plaintiff's Motion to Withdraw her guilty plea.

Further, the Court finds that the remaining *Hamilton* factors weigh in favor of denying Ms. Schmid's motion. Ms. Schmid has had ample opportunity to prepare a defense and to consider the consequences of her guilty plea. Allowing her to withdraw

9

the plea at this late date – just two weeks before her sentencing hearing – would prejudice the government, inconvenience the Court, and waste judicial resources.

Ms. Schmid argues, however, that the Court's "denial of my motion to continue [trial] coerced my guilty plea." (Doc. # 471, p. 1). This claim is belied by the record.

This case has been pending since March 26, 2018, and Ms. Schmid has been representing herself, with the assistance of advisory counsel, since January 10, 2019. (Docs. # 1, 104). Thus, Ms. Schmid has had two and a half years to prepare for trial. When the Court denied Ms. Schmid's most recent motion to continue the trial date for an additional three months (Doc. #445), the Court was aware that Ms. Schmid had a pattern of behavior in which, approximately two weeks prior to trial, she would get cold feet and would file a motion requesting additional time to prepare. (*See, e.g.* Doc. #386, February 16, 2021 Motion requesting 90 day continuance of trial set for March 1, 2021, and Doc. #411, May 4, 2021 Motion requesting a 60 day continuance of Trial set for May 24, 2021). Ms. Schmid fails to explain how the Court's refusal to grant yet another last-minute continuance "coerced" her to plead guilty. To the contrary, the Court repeatedly advised Ms. Schmid that she was not required to plead guilty, and Ms. Schmid's responses to the Court's advisements demonstrate that she understood that she was under no obligation to plead guilty. Ms. Schmid fails to point to any evidence in the record to suggest the Court "coerced" her to plead guilty. Therefore, Ms. Schmid's Motion to Withdraw Guilty Plea must fail.

### III.     MOTION TO DISMISS

Ms. Schmid next seeks dismissal of the indictment. This Motion is denied as moot. Ms. Schmid has already pled guilty to one of the counts charged in the

10

indictment, and she has knowingly and voluntarily waived the right to challenge this prosecution. (Doc. # 452). Ms. Schmid offers no authority to suggest that the Court can dismiss the indictment after a guilty plea has already been entered.

Further, the Court has already considered and rejected two prior motions to dismiss the indictment (See Doc. # 333). Ms. Schmid offers no explanation of how her current motion differs from her prior motions or why a third dismissal motion is warranted.

Moreover, even if Ms. Schmid's motion were not moot, untimely, and unjustified, it would nevertheless fail for lack of support. Ms. Schmid's motion consists almost entirely of unsupported accusations that the Government's witnesses lied to the grand jury. If Ms. Schmid wished to challenge the credibility of the Government's witnesses, she could have done so through cross-examination at trial. Instead, she elected to waive her right to a trial and to accept a plea deal. In so doing, she forfeited the opportunity to cross-examine the Government's witnesses. Thus, Ms. Schmid's unsupported, last-minute credibility challenge must fail.

## IV. CONCLUSION

For the foregoing reasons, Angela Schmid's Motion to Withdraw Her Guilty Plea Prior to Sentencing (Doc. # 471) and Angela Schmid's Motion to Dismiss Federal Case #18CR202 Based on the Govt's Outrageous Conduct ("Motion to Dismiss") (Doc. # 472) are both DENIED.

DATED: October 27, 2021

BY THE COURT:

_(signature)_
CHRISTINE M. ARGUELLO
United States District Judge